UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

YOUNES KABBAJ,

        Plaintiff,

  -v-                                            No.  15 CV 3627-LTS-RLE

THE CITY OF NEW YORK, et al.,

        Defendants.

-------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion by pro se Plaintiff Younes Kabbaj for an injunction against the City of New York and the United States.  (Docket entry nos. 35, 38.)  Mr. Kabbaj's motion, which is accompanied by a lengthy recitation of facts, requests: (1) an injunction requiring law enforcement to videotape any questioning of Mr. Kabbaj, and (2) an injunction prohibiting law enforcement from preventing Mr. Kabbaj from recording interactions he has with law enforcement.

Plaintiff alleges that federal law enforcement officials "are using special technology whereby when they know they are going to approach Plaintiff to threaten him or tell him things that they do not want to be recorded, they merely use various technical means to prevent Plaintiff's digital devices from recording." (Id. at 34-35.)  Additionally, Plaintiff claims that a prior video record of an arrest by the New York Police Department ("NYPD") was deleted from an encrypted device.  (Id. at 35.)

To demonstrate that injunctive relief is appropriate, a party must show "(1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (3) that the balance of hardships tips in the

moving party's favor; and (4) that the public interest is not disserved by relief." JBR, Inc. v. Keurig Green Mountain, Inc., 618 F. App'x 31, 33 (2d Cir. 2015). The conclusory allegations contained in Mr. Kabbaj's motion regarding past events and the alleged use of technology to defeat his devices are insufficient to establish that the events in question happened in the way that Plaintiff alleges that they did. They are further insufficient to demonstrate that Plaintiff is likely to suffer such injury in the future in a manner that cannot be addressed with money damages. See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) ("For it has always been true that irreparable injury means injury for which a monetary award cannot be adequate compensation and that where money damages is adequate compensation a preliminary injunction will not issue."). Mr. Kabbaj's motion for an injunction is therefore denied.

This Order resolves docket entry nos. 35 and 38. This case remains referred to Magistrate Judge Ellis for general pre-trial management.

SO ORDERED.

Dated: New York, New York
December 16, 2015

LAURA TAYLOR SWAIN
United States District Judge